United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 02-31020

(Summary Calendar)

————————

MILLER EXPLORATION CO,

Plaintiff - Counter Defendant - Appellee,

versus

ENERGY DRILLING CO,

Defendant - Counter Claimant -Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
99-CV-802

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Energy Drilling Co. ("Energy"), the appellant, challenges the district court's interpretation

of a standard form day rate drilling contract, in which Miller Exploration Co., the appellee, hired

————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Energy to drill an oil and gas well in Louisiana. At this point in the proceedings, only two narrow issues remain. Because contractual interpretation is an issue of law for the court, we review the district court's ruling *de novo*. *Amoco Prod. Co. v. Tex. Meridian Res. Exploration Inc.*, 180 F.3d 664, 668 (5th Cir. 1999).

The first issue involves the applicable rate of interest to be paid on the money owed by Miller to Energy. Paragraph 5.2 of the contract states that late payments "shall bear interest at the rate of one percent or the maximum legal rate, *whichever is less*, per month from the due date until paid." *Id.* (emphasis added). The district court interpreted "maximum legal rate" to be synonymous with the "judicial rate" under LA. CIV. CODE ANN. art. 2924(A), which is less than one percent per month, and ruled that the judicial rate applied.

We disagree with that interpretation. Part (C)(1) of art. 2924 limits the rate of "conventional" interest to "twelve per cent per annum." Louisiana law is clear that conventional interest, if stipulated in writing, is recoverable on debt arising from contract from the date the debt becomes due until the date it is paid, regardless of whether the debt is the subject of a lawsuit in the meantime. *See, e.g.*, *Helena Chem. Co. v. Nichols*, 695 So. 2d 1000, 1000 (La. Ct. App. 1997). Thus, when a contract refers to a "maximum legal rate," the most reasonable interpretation of that term is that it refers to the maximum rate allowed under law for the type of interest recovered in contract. Louisiana has set a limit for contractual interest in art. 2924(C)(1), and this is the limit referenced in the contract.

Because Energy is entitled to the *lesser* of one percent per month or twelve percent per year, the latter is the applicable rate of interest.[1] The judgment of the district court on this issue is

---

[1]Energy argues that these two rates are the same. Of course, this is only true if the interest at issue is simple interest. Either way, twelve percent per year is what Energy is owed.

REVERSED.

Energy also appeals the daywork rate applicable to its loss of use claim. With regard to this second issue, we find Energy's argument meritless. As we held in the last appeal, paragraph 10 of the contract controls Miller's liability to Energy and it is unambiguous. Thus, we AFFIRM the district court and hold that the *force majeure* rate applies until the date Miller terminated the contract.

JUDGMENT AFFIRMED IN PART; REVERSED IN PART.